# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| RODNEY STOKES, ) | |
| ) | |
| Plaintiff, ) | No. 5:20-cv-02431-DCN-KDW |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RONNIE WILLIAMS, DAVID ) | |
| ROBINSON, MICHAEL STEPHEN, ) | |
| BYRON KING, ERICA WRIGHT, and ) | |
| TAYLOR WHITE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Stokes, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Stokes's motions for default judgment. ECF Nos. 30 and 32. Additionally, this matter is before the court on defendant Taylor White's motion for extension of time to file an answer. ECF No. 37. For the reasons discussed below, the court denies the motions for default judgment and grants the motion for extension of time to file an answer.

**A. Motion for Default Judgment of Defendants Williams, Robinson, Stephen, King, and Wright, ECF No. 30**

On September 8, 2020, Stokes filed a motion for default judgment because "defense counsel clearly and knowingly exceeded the time that was allowed to file an answer to the complaint and in doing so the court must declare default judgment." ECF No. 30. However, these defendants did not respond to the summons and complaint out of time. These defendants' answers were due on or before August 31, 2020. See ECF Nos. 19-23. On August 28, 2020, prior to their filing deadline, these defendants moved for an

1

extension of time to answer and requested that the court allow them until September 29, 2020 to file an answer or other responsive pleading. ECF No. 24. Magistrate Judge West granted this request. See ECF No. 26. On September 29, 2020, these defendants filed their answer. See ECF No. 39. Therefore, these defendants are not in default, and Stokes's first request for Default Judgment, ECF No. 30, is denied.

**B. Stokes's Motion for Default Judgment against Defendant White, ECF No. 32**

On September 17, 2020, Stokes filed a motion for default judgment against defendant Taylor White for allegedly failing to respond or answer his Summons and Complaint. See ECF No. 32. In response, White maintains that Stokes did not properly serve her in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. ECF No. 38. Specifically, she maintains that though the certified mail green card was returned "signed" on August 19, 2020, she did not sign for the delivery of the summons and complaint. Id. at 2. White argues that service took place at her mother's home, where she does not reside, and her mother signed on her behalf without White's authorization. Id. Later, White represents that she retrieved the package containing the summons and complaint from her mother's home. Id. In the alternative, White argues that to the extent service of the summons and complaint was proper, good cause exists to deny Stokes's request for default under Rule 55, and to accept defendants' answer as timely filed. Id. at 4-10. Finally, White argues that she should be given an enlargement of time under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure based on excusable neglect. Id. at 10. The court agrees with White and denies Stokes's second motion for default judgment.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The court has reviewed the docket, briefs, and exhibits to same, and finds that Stokes did not effectuate service on White in compliance with Rule 4(e), FRCP. Rule 4(e) governs service on an individual. Pursuant to Rule 4(e)(1), service is effected on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Alternatively, Rule 4(e)(2) indicates that service is effected on an individual by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The South Carolina Rules of Civil Procedure provide for service by certified mail, return receipt requested, and delivery restricted to the addressee. See SCRCP Rule 4(d)(8). Here, White did not reside at the address where service was attempted nor did she sign the certified mail receipt. Nevertheless, rather than contest whether service was proper, White filed an answer, ECF No. 33, and an amended answer, ECF No. 35, on September 22 and September 23 respectively. Accordingly, White is not in default, and the court denies Stokes's second motion for default, ECF No. 32.

### C. Defendant Taylor's Motion to Extend Time to Answer, ECF No. 37

On September 25, 2020, White filed a motion to extend the time to answer. Based on the above analysis, the court grants White's motion, ECF No. 37, and accepts her answer and amended answer as timely filed.

For the foregoing reasons, the court **DENIES** the motions for default judgment, **GRANTS** the motion for an extension of time to file an answer and **ACCEPTS AS TIMELY** White's answer and amended answer.

  **AND IT IS SO ORDERED.**

                **DAVID C. NORTON**
                **UNITED STATES DISTRICT JUDGE**

**September 30, 2020**
**Charleston, South Carolina**